Dtkman, J.
—This is an action for the recovery of the value of certain articles of personal property based upon a charge of their loss or destruction by the defendant or through his negligence.
The plaintiff was a veterinary surgeon m the city of Poughkeepsie, and practised his profession in the years 1883, 1884 and 1885, in an office furnished by the defendant, under an arrangement which was mutual and satisfactory. Certain surgical instruments and some medicines were introduced into the office for use in connection with the plaintiff’s business, and he now claims that some of them were there when he left the office m July, 1885.
If any such articles were there when the plaintiff went out of the office, they were left under circumstances imposing no active duty or care upon the defendant. They were not left there in pursuance of any request or desire of the defendant, and the plaintiff was at perfect liberty to remove them at any time. The defendant exercised no control over them in any manner, and the day before the commencement of this action in reply to a request of the plaintiff for a delivery to him of the property, the defendant requested him to come arid take it away as he was desirous to have it removed. In obedience to that notice the plaintiff called upon the defendant, went with him to the office and made some search for the property and gave him full permission to come himself at any time and search for and take away any property he could find belonging to him.
There was, therefore, no proof of conversion of the property by the defendant, and we find no proof of the negligence of the defendant respecting the same.
*360 The property was voluntarily left by the plaintiff in the office in a place of safety, subject to his own control, and could have been removed by him at any time. It was not in the personal possession of the defendant, and nothing but
Eroof of. gross carelessness and negligence would render im liable for its loss. There is no proof of its loss or destruction, and so there is no proof of negligence respecting the same, and it is not even claimed that the same is now in the possession or under the control of the defendant.
All the case shows at most is, that the plaintiff left some articles of personal property in the office of the defendant, and failed to find them there when he looked for them more than a year afterward.
No proof of conversion or destruction, or carelessness of the defendant, and ample opportunity to search for the same was afforded by the defendant, who expressed his desire for their removal from his office.
The testimony fails, therefore, to place the defendant in the wrong, or to cast upon him any liability.
The judgment should be reversed, with costs.
Barnard, P. J., concurs.